**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FMD RESTORATION, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> BAISTAR MECHANICAL, INC., et al., <br><br> Defendants/Counter-Plaintiffs. | Civil Action No. 13-651 <br> DAR |

**MEMORANDUM OPINION**

Plaintiff and counterclaim Defendant, FMD Restoration, Inc. ("FMD") initially brought suit in a breach of contract action against Defendant and counterclaim Plaintiff Baistar Mechanical, Inc. ("Baistar"). Baistar asserted a counterclaim against FMD alleging breach of contract. The case proceeded to a bench trial, following which the court held that while FMD had materially breached the contract between the parties, Baistar failed to introduce evidence sufficient to demonstrate actual damages. The court, therefore, entered judgment for Baistar, but awarded only nominal damages. Baistar now moves for the court to alter or amend its findings of fact pursuant to Rule 52, and to alter or amend its judgment pursuant to Rule 59(a)(2).

**PROCEDURAL BACKGROUND**

FMD filed the complaint in May, 2013, alleging three counts of breach of contract by Baistar. *See* Complaint (ECF No. 1). On June 20, 2013, Baistar answered the Complaint and pled as a counterclaim two counts of breach of contract, and a third count alleging tortious interference with business expectations by FMD. *See* Defendant Baistar Mechanical, Inc.'s Counter-Complaint (ECF No. 5-1). On August 27, 2013, the Court (Jackson, J.) referred the matter to the undersigned

for the possibility of settlement. Order Referring Case (ECF No. 14). On December 12, 2013, the parties consented to proceed before the undersigned for all purposes. Consent to Proceed before US Magistrate Judge for All Purposes (ECF No. 18).

The undersigned held a four-day bench trial concluding on May 23, 2014, after which both parties were instructed to submit proposed findings of fact and conclusions of law. 05/23/2014 Minute Entry. Baistar submitted its proposed findings on October 27, 2014. *See* Proposed Findings of Fact (ECF No. 39). FMD submitted its proposed findings on November 24, 2014. *See* Proposed Findings of Fact (ECF No. 40). The undersigned issued a memorandum opinion and an order of final judgment on June 21, 2016. *FMD Restoration, Inc. v. Baistar Mechanical, Inc.*, No. 13-00651, 2016 WL 3461183 (D.D.C. June 21, 2016); Order of Final Judgment (ECF No. 49).

**CONTENTION OF THE PARTIES**

Baistar seeks to amend the court's findings of fact on the ground that the court "made a mistake of fact in finding that the breach of contract damages were less than the costs avoided by terminating FMD with cause." Defendant/Counter-Complainant Baistar Mechanical, Inc.'s Motion to Alter or Amend Judgment ("Motion") (ECF No. 50) at 2. Baistar argues that the court held it to an "unreasonably high standard of evidence," *id.* at 3, when it found that Baistar had failed to show that "the materials supplied and work performed by Mega Construction were within the scope of FMD's requirements," 2016 WL 3461183, at *11. Baistar submits that it "proved well beyond a preponderance of the evidence that Mega Construction did [replacement work], and that the work was within the scope" of the contract with FMD. Motion at 3.

In support, Baistar points to several portions of the trial transcript, wherein Baistar owner Hung Ku Jun testified about the arrangement between Baistar and Mega Construction. *Id.* at 3–5. Baistar argues that Mr. Jun's testimony was unrebutted by FMD on cross-examination, and there

"is nothing in the record to suggest that the work was not in the scope." *Id.* at 5. Accordingly, Baistar seeks to amend the findings of fact to include the payments to Mega Construction among Baistar's actual damages. *Id.* at 6. Such a finding would necessitate an amendment of the judgment; awarding Baistar $135,717.10. *Id.*

In the alternative, Baistar requests "that the Court open the matter for further proceedings, to call representatives from Mega Construction and Dominion Millwork to testify as to the work that was done, and corroborate the testimony of Mr. Jun and the payment documentation." *Id.*

FMD contends that Baistar's motion should be construed as a Rule 59(e) motion for reconsideration, and that such a motion is not warranted by the circumstances. Plaintiff/Counterclaim Defendant's Memorandum in Opposition and Statement of Points and Authorities in Support ("Opposition") (ECF No. 51) at 1–2. FMD argues that none of the criteria for a Rule 59(e) motion are present because there has been no change in controlling law, new evidence not available at trial, or a clear error of law. *Id.* at 2–3. According to FMD, the testimony cited by Baistar does not support amending the judgment because it contained "many incongruities," *id.* at 3, and demonstrated that Baistar "hired Mega Construction, Delmy Construction and Dominion Millwork to complete all of the work on the Project; whether or not it was FMD's work[.]" *Id.* at 4–5. Baistar did not file a reply to FMD's opposition.

**APPLICABLE STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 52(b) a party may move, within 28 days of the entry of judgement, for the court to "amend its findings—or make additional findings—and . . . amend the judgment accordingly. Fed. R. Civ. P. 52(b). This Rule "permits the trial court to correct manifest errors of law or fact, make additional findings or take other action that is in the interests of justice." *Ashraf-Hassan v. Embassy of France*, No. 11-805 (JEB), 2016 WL 2626833, at *8

(D.D.C. May 6, 2016) (quoting *Bigwood v. Defense Intelligence Agency*, 770 F. Supp. 2d 315, 318 n.2 (D.D.C. 2011)). The decision of whether to grant such a motion is left "to the sound discretion of the trial judge and is not an avenue for relitigating issues upon which the moving party did not prevail at trial." *Id.* (quoting *Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.*, No. 94-1184, 1997 WL 243223, at *2 (D.D.C. May 7, 1997)). Accordingly, the moving party "bears a heavy burden in seeking to demonstrate clear error of manifest injustice necessitating amendment of the judgment." *Id.* Rule 52 "cannot be a substitute for an appeal" and cannot be used as "a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or conclusion of law." *Salazar v. District of Columbia*, 685 F. Supp. 2d 72, 75 (D.D.C. 2010) (citing 9C Wright & Miller, *Federal Practice and Procedure*, § 2582 (3d ed. 2009)).

Pursuant to Rule 59, a party may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 52(a)(2). As with motions brought under Rule 52, "Rule 59 motions may not be used to religitate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Salazar*, 685 F. Supp. 2d at 75 (citing 11 Wright, Miller & Kane, *Federal Practice and Procedure*, § 2810.1 (2d ed. 2009); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Klayman v. Judicial Watch, Inc.*, No. 06-670 (CKK), 2007 WL 1034936, at *2–3 (D.D.C. Apr. 3, 2007); *United States v. Western Elec. Co., Inc.*, 690 F. Supp. 22, 25 (D.D.C. 1988)). "The purpose of Rule 59(a)(2) is not to introduce new evidence that was available at the time of trial but was not proferred[.]" *Ashraf-Hassan*, 2016 WL 2626833, at *11 (citing *Chavez v. City of Albuquerque*, 640 F. Supp. 2d 1340, 1343 (D.N.M. 2008)). A trial court "should be most reluctant to set aside that which it has previously decided

unless convinced that . . . refusal to revisit the earlier decision would work a manifest injustice." *Id.* (citing *Barnes v. Alves*, 304 F.R.D. 363, 366–67 (W.D.N.Y 2015)).

**DISCUSSION**

Baistar has failed to demonstrate that any of the grounds warranting relief pursuant to either Rule 52 or Rule 59 are present in this case. Accordingly, the court will deny the motion for the reasons set forth below.

Baistar does not argue that there has been any change in controlling law, nor does it argue that any new evidence has come to light that was not available during the trial. Instead, Baistar seeks to amend the court's findings because, it argues, the court held it to "an unreasonably high standard of evidence," Motion at 3, when the court found that Baistar had failed to show that the replacement costs to Mega Construction were within the scope of the contract with FMD, *see* 2016 WL 3461183, at *11. Baistar claims that the testimony of Mr. Jun was more than sufficient to show that the materials supplied and the work performed by Mega Construction were within the scope of the contract with FMD; in fact, Baistar argues that "[t]here is nothing in the record to suggest that the work was not in the scope." Motion at 5.

The court did not find this argument persuasive during trial, and it has no need to re-litigate the issue at this time. Post-trial motions under Rule 52 and Rule 59 are not to be used when a party is merely seeking to re-litigate a finding that was made during the course of trial. *See Salazar*, 685 F. Supp. 2d at 75. The court held that there was conflicting evidence in the record about whether all of the work done by Mega Construction was within the scope of the contract with FMD, and subsequently found that Baistar had failed to "offer evidence sufficient to prove by a preponderance of the evidence that FMD was required by the terms of the subcontract to provide millwork and fire doors." *See* 2016 WL 3461183, at *10. The court regards Baistar's argument

Case 1:13-cv-00651-DAR   Document 55   Filed 03/30/17   Page 6 of 6

FMD Restoration, Inc. v. Baistar Mechanical, Inc., et al.                                                             6

that "[t]here is nothing in the record to suggest that the work was *not* in the scope[,]" *see* Motion at 5 (emphasis added), as tantamount to a request that Baistar be relieved of its burden of proof. Thus, the court has no basis upon which to alter or amend its findings of fact or conclusions of law based on the argument presented by Baistar.

Similarly, Baistar has not offered any persuasive rationale for the court to "open the matter for further proceedings" at this time. *See* Motion at 6. Rule 59 is not to be used to introduce new evidence that was available at the time of trial. *See Ashraf-Hassan*, 2016 WL 2626833, at *11. Baistar offers no explanation for why it did not call a representative from Mega Construction or Dominion Millwork to testify during trial, and there is no allegation that any such representative was unknown or unavailable to Baistar during the trial itself. Baistar cannot now seek to utilize Rule 59 to save itself from litigation decisions it has since reconsidered. *See Does v. Bush*, No. 05–313, 2007 WL 2007614, at *1 (D.D.C. July 11, 2007) ("[T]he law is clear that a Rule 59(e) motion is not . . . a means to bring before the Court theories or arguments that could have been advanced earlier.") (quoting *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99–5010, 1999 WL 414253 (D.C. Cir. May 17, 1999)).

**CONCLUSION**

For the reasons outlined above, the court will deny Baistar's motion. An appropriate Order accompanies this Memorandum Opinion.

<u>March 30, 2017</u>

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge